FENTON v RUSSELL & LINDLAY.

Where there is a judgment of non suit rendered, in a suit before a justice of the peace, and that judgment is set aside, and a new trial granted, and judgment again rendered against plaintiffs, an appeal from such judgment may be taken, although more than ten days may have elapsed since the rendition of the judgment of non suit, and it makes no difference whether the suit is founded on an instrument of writing or not

Appeal from the Circuit Court of Audrian County.

Abernathy for Appellant.

1st. That the court erred in not dismissing said appeal as said appeal was not taken within ten days after the judgment of non-suit, and for costs. See revised statutes, page 369, section 3, p. 359, 1, 2, & 3.

2nd. That the non suit in this case was wrong.

*Opinion of the court delivered by Tompkins Judge.*

Russell and Lindley commenced an action on a promissary note before a justice of the peace, in the County of Audrain, against James E. Fenton; judgment being given against them, they appealed to the circuit court. That court gave judgment for the appellants. To reverse that judgment Fenton appeals to this court. The justices summons was returned on the 26th day of January 1839, when, as the justice shows, the defendant appeared in person, and the plaintiffs by agent. This is a copy of the note sued on, "Thirty days after date I promise to pay to Russel & Lindley or order, fifty nine dollars and fifty eight cents, &c." On the trial before the justice, the agent of the plaintiff was required by the defendant to prove that John Russell and

October Term 1839.

Fenton
vs,
Russell and
Lindley.

Giles Lindley, in whose behalf the summons was issued, were the persons to whom the note sued on was made.—— This, it is stated in the justices return, the agent being unable to prove; the justice, on the defendants motion, entered a judgment of non suit against the plaintiffs. On the fifth day of February then next, the justice, on the motion of the plaintiffs, set aside the judgment of non suit, and granted them a new trial. On this trial judgment being again given against the plaintiffs, they appealed to the circuit court as above stated. The defendant before the justice of the peace, appellant here, moved the circuit court to dismiss the cause, because the appeal was not taken in time. The last trial before the justice was on the 23rd day of February, and on that day the appeal was taken. But it is contended that the justice had no authority to set aside this judgment by non suit, and as the statute requires the appeal to be taken within ten days after the judgment, and as this appeal was taken more than ten days after the first trial, it was too late. The statute allows the justice of the peace to set aside a judgment of non suit on terms, see 3 section of 5th article of the act establishing justice's courts, page 359, of the digest of 1835. But it is contended that the judgment of non suit must be rendered in pursuance of the first section of the said fifth article, when the plaintiff fails to appear, and his demand is not founded on an instrument of writing by which it is liquidated, but on an unliquidated demand. It is not so apparent why the legislature should incline to favor a plaintiff who does not appear on the day of trial more than one who does appear. He who does appear and uses his best endeavors to try his cause is certainly more deserving of favor, than he who does not appear; yet there is no doubt but the plaintiff, if he had failed to appear, and his demand had been unliquidated, would have had a right under the statute to have his judgment of non suit set aside. This cause was argued ex parte, and therefore I may not perhaps be so well informed of the law, but the right and justice of the case is not difficult to be perceived. The defendant does not pretend that the demand is unjust, and the return of the justice shows that it was on his motion the judgment

of non suit was rendered: the object of the statute being to decide small causes before the justices of the peace, in the most equitable and expeditious manner, without oppressing the suitors with the trouble and expense of long and formal suit. It seems not at all improper to sentence the defendant now to pay that debt, which he would not attempt to disprove in the circuit court. It may be added that if the justice of the peace rendered a wrong judgment, it was done on the motion of the defendant himself. But I believe the judgment of non suit rendered by the justice and the setting of it aside afterwards was well enough. The judgment of the circuit court is therefore affirmed.

OCTOBER TERM
1839.

Fenton,
vs
Russell and Lindley.

Where there is a judgment of non suit rendered. in a suit before a justice of the peace, and that judgment is set aside, and a new trial granted, and judgment rendered against plaintiffs, an appeal from such judgment may be taken, although more than ten days may have elapsed since the rendition of the judgment of non suit, and it makes no difference whether the suit is founded on an instrument of writing or not.